**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4227**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JORDALE KING,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Senior District Judge.  (1:20-cr-00255-JKB-1)

_____

Submitted:  May 22, 2025                          Decided:  May 27, 2025

_____

Before KING, AGEE, and WYNN, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

**ON BRIEF:**  Allen H. Orenberg, THE ORENBERG LAW FIRM, LLC, Rockville, Maryland, for Appellant.  Erek L. Barron, United States Attorney, David C. Bornstein, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jordale King seeks to appeal his sentence.  The Government's brief invokes Fed. R. App. P. 4(b)(1)(A)(i) and disputes the timeliness of King's notice of appeal.  The Government seeks to dismiss the appeal as untimely and based on the waiver of appellate rights contained in King's plea agreement.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A).  With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal.  Fed. R. App. P. 4(b)(4); *United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on March 27, 2024.  King dated his pro se notice of appeal on March 26, 2024, the date of his sentencing hearing.[*]  Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for a determination of whether Moore has shown excusable neglect or good cause warranting an extension of the 14-day appeal period.  The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date King could have delivered the notice to prison officials for mailing to the court.  Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2